**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Todd Jernigan, On Behalf of Himself, All Others Similarly Situated, and the General Public, | |
| Plaintiff, | Court No. 3:11 cv 00842 DRH-PMF |
| vs. | Judge David R. Herndon |
| BEAM GLOBAL SPIRITS & WINE, INC., and FORTUNE BRANDS, INC., | Magistrate Judge Philip M. Frazier |
| Defendant(s). | |

**ANSWER AND AFFIRMATIVE DEFENSES OF BEAM GLOBAL SPIRITS & WINE LLC, AND BEAM INC. TO THE COMPLAINT**

Defendants, Beam Global Spirits & Wine LLC ("Beam Global"), formerly known as Beam Global Spirits & Wine, Inc., and Beam Inc., formerly known as Fortune Brands, Inc., (collectively, "Beam defendants") hereby file their Answer and Affirmative Defenses to the Complaint.

**GENERAL ANSWER**

Beam defendants state that they respond to these allegations only on behalf of themselves and not on behalf of any other entity. All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the Complaint as a whole.

The Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents. The alleged documents referred to in the Complaint have not been provided by the Plaintiff. Accordingly, Beam defendants are unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To the

extent that Beam defendants state that a document or other material referenced in the Complaint speaks for itself, or refer to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiff's characterization of such documents or other material is accurate. Beam defendants reserve their right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam defendants do not admit the authenticity of any documents from which quotations were taken or references were made, and reserve the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

## <u>SPECIFIC ANSWER</u>

### <u>THE PARTIES</u>

1.     Plaintiff, Todd Jernigan ("Plaintiff") is a resident of the State of Illinois who currently lives in the County of Madison.

**ANSWER:     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore deny same.**

2.     Defendant, Beam Global Spirits & Wine, Inc. ("Beam"), is the fourth largest spirits company in the world and the United States' largest premium spirits company. Beam is headquartered in Deerfield, Illinois; last year the company generated over $2.7 billion in revenue.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 2 of the Complaint, except admit that Beam Global is headquartered in Deerfield, Illinois, and state that Beam Inc. is one of the largest spirits companies in the United States.**

3.     Defendant, Fortune Brands, Inc. ("Fortune") is a Delaware Corporation headquartered at 520 Lake Cook Road, Deerfield, Illinois. Fortune is the owner of Defendant, Beam, (collectively "Defendants") and doing business in the State of Illinois.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 3 of the Complaint, except admit Beam Inc. was incorporated under the laws of Delaware with its headquarters and principal place of business at 510 Lake Cook Road, Deerfield, Illinois, and admit that Beam Global is a wholly owned subsidiary of Beam Inc.**

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1332, because the amount in controversy exceeds $5,000,000 and is an action in which members of the Class of plaintiffs are citizens of states different than Beam. Venue is proper in this Court because Plaintiff resides in this judicial district, purchased the product at issue in this judicial district, and Beam does business in this District on a continuous and ongoing basis. Furthermore, venue is proper pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendants:

(a)   Are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of their products in this district;

(b)   Do substantial business in this district; and

(c)   Are subject to personal jurisdiction in this district pursuant to the Illinois Long Arm Statute 735 ILCS 5/2-209 and the United States Constitution as:

(i)  business transactions at issue occurred within the State of Illinois;

(ii)   Defendants are and have at all pertinent times conducted continuous and systematic business within the State of Illinois; and

(iii)   Defendants have purposefully and knowingly injected their product into the stream of commerce with the intent that they be bought and sold within the State of Illinois.

Accordingly, this Court can assert jurisdiction over Defendants Beam and Fortune without offending traditional notions of justice and fair play.

**ANSWER:** **Paragraph 4 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam defendants deny each and every allegation contained therein, except admit that Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Beam Global, is authorized to and conducts business in Illinois.**

3

## STATEMENT OF FACTS

5.    On or about March 2011 Beam purchased the Skinnygirl Margarita brand of ready-made cocktails from Bethenny Frankel, a renowned natural foods chef, a reality television star and entrepreneur. Prior to the acquisition, Ms. Frankel advertised Skinnygirl Margarita as "all natural" and containing no preservatives. The bottle that contains the Skinnygirl Margarita Plaintiffs purchased states in red letters that are capitalized: ALL NATURAL | OPEN & SERVE.

**ANSWER:    Beam defendants deny each and every allegation in the first sentence of Paragraph 5 of the Complaint, except admit that Ms. Frankel is an entrepreneur and TV personality, and state that Jim Beam purchased Skinnygirl Margarita in March 2011.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and therefore deny same, except state that the bottle for Skinnygirl Margarita speaks for itself as to its content.**

6.    Indeed, in a March 21, 2011 interview with the Wall Street Journal Ms. Frankel said that "her margarita has only natural ingredients, with no preservatives or artificial colors; it is lightly sweetened with agave nectar."

**ANSWER:    Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny same.**

7.    Beam, obviously banking on the marketing and *all natural image* of Bethenny Frankel, continued marketing and advertising that the product contained no preservatives, as did Ms. Frankel who acts as a company spokesperson and endorser of the product.

**ANSWER:    Beam defendants deny each and every allegation contained in Paragraph 7 of the Complaint.**

8.    After the acquisition, Beam continued those representations that the product contained no preservatives, as did Ms. Frankel who acts as a company spokesperson and endorser of the product.

**ANSWER:    Beam defendants deny each and every allegation contained in Paragraph 8 of the Complaint.**

9.    Specifically, defendant continued to advertise that Skinnygirl Margarita is:

- All Natural;
- Uses all natural ingredients; and
- Contains No Preservatives.

**ANSWER:**     **Beam defendants deny each and every allegation contained in Paragraph 9 of the Complaint, except state that the advertisements for Skinnygirl Margarita speak for themselves as to their content.**

10.     The phrase "All Natural" is highlighted on each Skinnygirl Margarita bottle. The labeling states that it is only slightly sweetened with agave. The labeling also claims that the product is "the Margarita you can trust," denoted as a quote from Ms. Frankel.

**ANSWER:**     **Beam defendants deny each and every allegation contained in Paragraph 10 of the Complaint, except state that the bottle and labeling for Skinnygirl Margarita speak for themselves as to their contents.**

11.     Nowhere on the label does Beam indicate that the spirits contain preservatives, including but not limited to sodium benzoate. In fact, Beam's Skinnygirl Margaritas contain preservatives, including sodium benzoate.

**ANSWER:**     **Beam defendants deny each and every allegation contained in Paragraph 11 of the Complaint, except admit that Skinnygirl Margarita contains a minute amount of sodium benzoate and state that sodium benzoate is permitted for use as a preservative by the U.S. Food and Drug Administration, and further state that the label for Skinnygirl Margarita speaks for itself as to its content.**

12.     In September of 2011, Whole Foods pulled the product from its shelves because it contained a preservative called sodium benzoate. In a press release, the Whole Foods stated that "[a]fter discovering that [Skinnygirl Margarita] contains a preservative that does not meet our quality standard, we have had to stop selling it."

**ANSWER:**     **Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny same, except admit that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.**

13.     In response to the disclosure that Skinnygirl Margarita contains a preservative, defendant's spokesperson Frankel dismissively stated: "I'm not making wheatgrass here. If I could put an agave plant some limes on a shelf I would. [The Skinnygirl Margarita] is as close to nature as possible, while still being a shelf-stable product . . . We were bound to piss someone off and everyone loves to try to tear down a success."

**ANSWER:** **Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny same.**

14. Ms. Frankel concluded that "This is a non-event. I haven't lost even a wink of sleep."

**ANSWER:** **Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore deny same.**

15. Defendants' representations that Skinnygirl Margaritas contain no preservatives were patently and intentionally false, misleading, and reasonably likely to deceive the public.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 15 of the Complaint.**

## CLASS ALLEGATIONS

16. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself individually and the following classes of persons: All persons who reside in the United States who have purchased Defendants' Skinnygirl Margarita product wherein the container stated the product was "all Natural" and/or did not disclose that the product in fact contained a preservative. Excluded from the class are defendants, any person, firm, trust, corporation or other entity affiliated with Defendants, and members of the federal judiciary.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 16 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.**

17. Pursuant to Fed. R. Civ. P. 23(a), members of the class are so numerous and geographically dispersed that joinder of all members is impracticable. According to the Wall Street Journal article, Skinnygirl Margarita is sold in liquor or mass-market stores such as Costco Wholesale Corp., and until recently, was sold at Whole Foods grocery. Skinnygirl Margarita ranked fourth in sales of ready-to-drink cocktails in food, drug and liquor stores in the 13 weeks ending Feb. 5, according to market researcher Nielson Co. defendant Beam has stated that sales volume exceeds 100,000 cases a year.

**ANSWER:** **Beam defendants deny each and every allegation contained in the first sentence of Paragraph 17 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but**

6

**deny that this lawsuit is appropriate for class certification.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and therefore deny same, except state that shipments of Skinnygirl Margarita have exceeded 100,000 9-liter cases.**

18.     On information and belief, plaintiff alleges that there are tens of thousands if not hundreds of thousands of class members throughout the United States.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 18 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

19.     Pursuant to Fed. R. Civ. P. 23(a)(2) common questions of law and fact exist as to all members of the class. These common questions include, but are not limited to, whether:

(a)  Defendant's packaging of the Skinnygirl Margarita product misled, or tended to mislead, consumers into believing that they purchased a ready-made cocktail not containing any preservatives;

(b)  Defendant misrepresented, concealed, omitted, and/or suppressed the true nature of their product from consumers;

(c)  Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

(d)  Defendant has been unjustly enriched, and;

(e)  Defendant breached an express warranty to purchasers.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 19 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification**

20.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 20 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

21.     Plaintiff's claims are typical of the claims of absent members of the class and any applicable subclasses.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 21 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

22.     Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff has no interests that are antagonistic to the absent class members.  Plaintiff is represented by capable counsel that has experience regarding consumer fraud class actions.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 22 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the experience of Plaintiff's counsel and therefore deny same.  Beam defendants admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

23.     Without the class representation provided by Plaintiff, virtually no class members will receive legal representation or redress for their injuries; Plaintiff and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 23 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the financial resources and experience of Plaintiff's counsel and therefore deny same.  Beam defendants admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

24.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) with respect to Plaintiff's demands for injunctive and declaratory relief against defendant because defendant has acted on grounds generally applicable to the class as a whole. Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the class and any applicable Subclasses as a whole.

**ANSWER:**     **Beam defendants deny each and every allegation contained in Paragraph 24 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

     25.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) with respect to Plaintiff's demand for damages because common questions of fact or law will predominate in determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

**ANSWER:**     **Beam defendants deny each and every allegation contained in Paragraph 25 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

## COUNT ONE

### Violations of Illinois Unfair Practices Act

     26.     Plaintiff and members of the classes re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 25.

**ANSWER:**     **Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.**

     27.     The Illinois Unfair Practices Act, 815 ILCS 505/2, *et seq*. prohibits a corporation from engaging in unfair or deceptive trade practices. The Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

**ANSWER:**     **The Illinois Unfair Practices Act, 815 ILCS 505/2, *et seq*. speaks for itself and, thus, no response is required.**

28.     This Count is brought on behalf of all consumers who reside in the United States and who have purchased Defendants' Skinnygirl Margarita product wherein the container stated that the product was "All Natural" and/or did not disclose that the product in fact contained a preservative. It is believed that this class numbers in the thousands if not tens of thousands of people.

**ANSWER:      Beam defendants deny each and every allegation contained in Paragraph 28 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

29.     This Count is brought pursuant to the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

**ANSWER:      Beam defendants deny each and every allegation contained in Paragraph 29 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, but deny that Plaintiff is entitled to recovery pursuant to that statute.**

30.     At all relevant times, the Skinnygirl Margarita product has been available for purchase by consumers throughout the United States.

**ANSWER:      Beam defendants deny each and every allegation contained in Paragraph 30 of the Complaint, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam has sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.**

31.     At all relevant times, Defendants have been engaged in advertising, offering for sale, selling and/or distributing Skinnygirl Margarita directly or indirectly to the residents of the United States.

**ANSWER:      Beam defendants deny each and every allegation contained in Paragraph 31 of the Complaint, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam has advertised Skinnygirl Margarita, and sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011.**

32.     Plaintiff and the members of the class have purchased the product for their own personal and/or household use.

**ANSWER:** **Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny same.**

33.     At all relevant times, Defendants, in connection with its advertisements, offers for sale, sales and distribution of the Skinnygirl Margarita product, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that they were selling a product that contains preservatives. Defendants intended that Plaintiff and the members of the class would rely upon these misrepresentations, concealments, omissions and/or suppressions so that plaintiff and the members of the class would purchase the product. Defendants' packaging of the product makes false or misleading representations that Skinnygirl Margaritas contain no preservatives whatsoever. In truth, Defendants and their spokesperson Ms. Frankel always knew that the product contains a preservative.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 33 of the Complaint.**

34.     As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the members of the class have suffered economic damage.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 34 of the Complaint.**

35.     Plaintiff and other consumers relied on the false or misleading packaging and advertising to their detriment.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 35 of the Complaint.**

36.     As a result, Plaintiffs and other consumers have been injured by Defendants' unlawful conduct.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 36 of the Complaint.**

## COUNT TWO

### Violation of Consumer Protection Statutes

37.     Plaintiff and members of the classes re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 36.

**ANSWER:** **Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.**

38.     This Count is brought on behalf of a sub-class consisting of those members of the class who are residents of the United States and its territories, and who purchased Defendant's Skinnygirl product as soon as it was released to the market in March 2011 up through the date this action is certified. It is believed that this sub-class numbers in the tens of thousands and if not hundreds of thousands of people.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 38 of the Complaint, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.**

39.     Each State and the District of Columbia have enacted statutes to protect their consumers from deceptive, fraudulent and unconscionable trade and business practices.

**ANSWER:** **Beam defendants state that Paragraph 39 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants deny that they have engaged in any conduct that would violate any such statutes.**

40.     This Count is brought pursuant to the provisions of all applicable State and territorial Consumer Fraud and/or Deceptive Trade Practices and/or Merchandising Practices Statutes.

**ANSWER:** **Beam defendants state that Paragraph 40 of the Complaint does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants deny that they have engaged in any conduct that would violate any such statutes, and state that the phrase "all applicable State and territorial Consumer Fraud and/or Deceptive Trade Practices and/or Merchandising Practices Statutes" is undefined, vague, ambiguous and overly broad.**

41.     At all relevant times, Skinnygirl Margaritas have been available for purchase by consumers throughout the whole United States and its territories.

**ANSWER:** **Beam defendants deny each and every allegation contained in Paragraph 41 of the Complaint, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam has sold Skinnygirl Margarita to distributors in the United States, since on or**

about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.

42.     At all relevant times, Defendants have been engaged in advertising, offering for sale, selling and/or distributing its Skinnygirl Margaritas directly or indirectly to the residents of the United States and its territories.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 42 of the Complaint, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam has advertised Skinnygirl Margarita, and sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011.**

43.     Plaintiff and the members of the putative sub-class have purchased Skinnygirl Margaritas for their own personal and/or household use.

**ANSWER:     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny same.**

44.     At all relevant times, Defendants, in connection with its advertisements, offers for sale, sales and distribution of Skinnygirl Margaritas, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that it was selling a product that was not "all natural" and/or contained preservatives including, but not limited to, sodium benzoate.  Defendants intended that Plaintiff and the members of the putative sub-class would rely upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiff and the members of the putative sub-class would purchase Skinnygirl Margaritas. Defendants' packaging of its Skinnygirl Margaritas makes false or misleading representations that the product contains no preservatives and is "all natural" which tended to deceive, or deceived or misled, the consumers. In truth, the product contains sodium benzoate, a preservative.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 44 of the Complaint.**

45.     As a direct and proximate result of the aforesaid violations of the Applicable Consumer Fraud and/or Deceptive Business Practices and/or Merchandising Practices Act, Plaintiff and the members of the subclass have suffered economic damage.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 45 of the Complaint, and state that the phrase "all applicable State and territorial Consumer Fraud and/or Deceptive Trade Practices and/or**

13

> **Merchandising Practices Statutes" is undefined, vague, ambiguous and overly broad.**

46.     Plaintiff and other consumers relied on the false or misleading packaging to their detriment.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 46 of the Complaint.**

47.     As a result, Plaintiff and other consumers have been injured byt [sic] the defendant's unlawful conduct.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 47 of the Complaint.**

## COUNT THREE

### Unjust Enrichment

48.     Plaintiff and members of the classes re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 47.

**ANSWER:     Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 47 of the Complaint as if fully set forth herein.**

49.     Defendants have been unjustly enriched by selling a product advertised and packaged as containing no preservatives when in fact that was a false representation. As a result, defendant has been able to charge a higher price for its product than it otherwise would have been able to do.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 49 of the Complaint.**

50.     Defendants should be required to disgorge itself of its ill gotten gains.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 50 of the Complaint.**

## COUNT THREE [*sic*]

### Breach of Express Warranty

51.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 50.

**ANSWER:     Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 50 of the Complaint as if fully set forth herein.**

52.     Plaintiff, and each member of the classes, formed a contract with the defendant at the time plaintiff and the other members of the classes purchased the Skinnygirl Margarita product. The terms of that contract include the promises and the affirmations of fact made by defendant on its "Skinnygirl" product labels and through its marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between plaintiff and the members of the classes on the one hand, and defendant on the other.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 52 of the Complaint.**

53.     All conditions precedent to Defendants' liability under this contract has been performed by plaintiff and the members of the classes.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 53 of the Complaint.**

54.     Defendant breached the terms of this contract, including the express warranties, with plaintiff and the Class by not providing the product as described above.

**ANSWER:     Beam defendants deny each and every allegation contained in Paragraph 54 of the Complaint.**

WHEREFORE, Beam defendants pray that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam defendants; that Beam defendants recover their attorneys' fees and expenses; and that Beam defendants have such other and further relief as this Court deems just and proper.

15

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims alleged in the Complaint may not be properly certified or maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the Illinois Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to a Beam defendant (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiff or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members may not recover under a theory of unjust enrichment because Plaintiff and putative class members have failed to allege any cognizable "enrichment" of Beam defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product by a Beam defendant (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled, and sold.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam defendants because Beam defendants do not owe a legal duty to Plaintiff and putative class members or, if Beam defendants owed a legal duty to Plaintiff and putative class members, Beam defendants did not breach that duty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam defendants have no control and for which Beam defendants are not legally responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to relief jointly and severally and Beam defendants are not jointly and severally liable with any other Defendant or any other person or entity with respect to the claims asserted by Plaintiff and putative class members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, or either of them, if performed at all, were done in good faith and/or were privileged or justified.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, or under any other cause of action in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam defendants are entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the Illinois Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam defendants of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Beam defendants invoke each and every statutory and common law defense available to them under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

## THIRTIETH AFFIRMATIVE DEFENSE

Beam defendants adopt and incorporate by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam defendants.

## RESERVATION OF DEFENSES

Beam defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Answer to assert any such defense.  Beam defendants also reserve their right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Illinois. Beam defendants intend to require Plaintiff to carry his burden of proof on every element of Plaintiff's claims.  Beam defendants therefore reserve the right to assert by motion or at trial denials as to Plaintiff's ability to prove the required elements of his claims.  In the event that any affirmative defense asserted by Beam defendants is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam defendants on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Beam defendants pray that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam defendants; that Beam defendants recover their attorneys' fees and expenses; and that Beam defendants have such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AS TO PLAINTIFF'S DEMAND FOR JURY TRIAL, Beam defendants likewise demand a jury trial in this action for all issues so triable.

Respectfully Submitted,

By:     /s/ Richard J. Keating, Jr.
         One of the attorneys for the Defendants
         Beam Global Spirits & Wine, Inc. and
         Fortune Brands, Inc.

Richard J. Keating ARDC# 6229550
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
312-321-9100
312-321-0990 FAX
rkeating@smbtrials.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2011, I electronically filed Defendants Beam Global Spirits & Wine, Inc., and Beam Inc.'s Answer and Affirmative Defenses to the Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

   Randy L. Gori
   Todd Matthews
   Gori Julian and Associates P.C.
   156 N. Main St.
   Edwardsville, IL 62025

       By: /s/ Richard J. Keating, Jr.
         Richard J. Keating, Jr., ARDC #6229550
         Attorneys for Defendants
         BEAM GLOBAL SPIRITS & WINE, INC. and
         FORTUNE BRANDS, INC.
         SWANSON, MARTIN & BELL, LLP
         330 North Wabash, Suite 3300
         Chicago, IL  60611
         (312) 321-9100
         (312) 321-0990 (fax)
         rkeating@smbtrials.com